UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PHILADELPHIA INDEMNITY INSURANCE COMPANY,

Plaintiff,

v.

OCEANGATE FOUNDATION D/B/A OPEN THE O, a Washington charitable organization, and  RICHARD ORTOLI, as Administrator CTA of the Estate of Paul-Henri Louis Emile Nargeolet,

Defendants.

NO.

COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia") brings this action for declaratory relief pursuant to 28 U.S.C. §2201(a).

## I.  PARTIES

1.1.    Plaintiff Philadelphia is a Pennsylvania corporation engaged in the business of insurance in Washington. Philadelphia's principal place of business is in Bala Cynwyd, Pennsylvania.

COMPLAINT FOR DECLARATORY JUDGMENT - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

1.2.    Defendant OceanGate Foundation d/b/a Open the O ("Foundation") is a 501(c)(3) charitable organization incorporated in the State of Washington, with its principal place of business in Seattle, Washington.

1.3.    Upon information and belief, Defendant Richard Ortoli, as Administrator CTA of the Estate of Paul-Henri-Louis Emile Nargeolet ("Claimant") is a resident of Miami, Florida.[1]

## II.    JURISDICTION AND VENUE

2.1.    The amount in controversy exceeds $75,000, exclusive of costs and interests.

2.2.    The court has jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §2201.

2.3.    Venue in this court is proper under 28 U.S.C. §1391 because the Foundation's principal place of business is in King County, Washington.

2.4.    An actual controversy exists between the parties as to whether the policies of insurance issued by Philadelphia provide defense and/or indemnity coverage to the Foundation for claims made by the Claimant against it in a lawsuit captioned as *Ortoli v. OceanGate Inc. et al* filed in the Superior Court for the County of King, Case No. 24-2-17739-6 SEA (the "Underlying Action"). The Third-Amended Complaint in the Underlying Action is attached as **Exhibit 1**.

2.5.    The Claimant alleges multiple causes of action in the Underlying Lawsuit against the Foundation regarding the death of Mr. Nargeolet and seeks damages exceeding $75,000.

## III.    FACTS

### A.  Underlying Claims

3.1.    On or around January 12, 2026, the Claimant filed his Third Amended Complaint in the Underlying Action, adding claims against the Foundation.

---

[1] Philadelphia names the Claimant as a defendant in this lawsuit solely for the purpose of satisfying any argument that it is a necessary and/or proper party. Philadelphia is willing to dismiss the Claimant without prejudice upon an agreement that the Claimant agrees to be bound by any declaratory judgment entered in this lawsuit.

COMPLAINT FOR DECLARATORY JUDGMENT - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

3.2.    The Underlying Action arises out of the death of Mr. Nargeolet while aboard a deep-sea submersible ("Titan") during an expedition to view the Titanic off the coast of Newfoundland on June 18, 2023.

3.3.    The Claimant alleges in the Underlying Action that the Titan was "an undocumented, unregistered, non-certificated, and unclassed, 22-foot manned commercial watercraft."

3.4.    Upon information and belief, the Titan submersible was located in international waters at the time of incident causing Mr. Nargeolet's death.

3.5.    Upon information and belief, the incident did not occur in the course of travel or transportation between the United States of America (including its territories and possessions), Puerto Rico, and/or Canada.

3.6.    The Claimant asserts causes of action in the Underlying Action for negligence, gross negligence, wrongful death, vessel unseaworthiness under the High Seas Act, products liability under the High Seas Act, and personal injuries under the Jones Act.

3.7.    The Claimant alleges that the Titan was owned by one or more of "OceanGate Inc., OceanGate Expeditions, [Richard Stockton] Rush, Wendy Rush, OceanGate Foundation, Natomas Partners and Cyclops 2."

3.8.    The Claimant alleges that the Foundation played an active role in the operation of a separate entity, OceanGate Inc., which designed and built the Titan.

3.9.    The Claimant alleges that in order to circumvent Coast Guard passenger regulations, passengers aboard the Titan routinely paid $250,000 to be listed as "mission specialists" instead of passengers.

3.10.   On or around January 13, 2026, the Foundation provided notice of the claim to Philadelphia and requested defense coverage under the Philadelphia policies.

COMPLAINT FOR DECLARATORY JUDGMENT - 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

3.11.    On or around March 23, 2026, Philadelphia accepted the Foundation's tender of defense under a full reservation of rights.  A copy of Philadelphia's reservation of rights letter is attached as **Exhibit 2**.

**B.  Philadelphia's Insurance Policies**

3.12.    Philadelphia issued a Commercial General Liability policy, policy number PHPK2456469 (the "CGL Policy"), and an Umbrella Liability Insurance policy, policy number PHUB829775 (the "Umbrella Policy"), to the Foundation, both of which have policy periods from October 7, 2022, through October 7, 2023.  A copy of the CGL Policy is attached as **Exhibit 3**.  A copy of the Umbrella Policy is attached as **Exhibit 4**.

3.13.    Philadelphia also issued a Director and Officers policy, policy number PHSD1821301 with a policy period of October 7, 2023, through October 7, 2024 (the "D&O Policy").[2]  A copy of the D&O Policy is attached as **Exhibit 5**.

**1.  The CGL Policy**

3.14.    The CGL Policy's provides, in potentially relevant part, as follows:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** - Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** - Definitions.

### SECTION I – COVERAGES

---

[2] Philadelphia issued a prior D&O Policy. policy number PHSD1748427, with a policy period of October 7, 2022, through October 7, 2023, but as explained below, seeks declaratory judgment as to the subsequent D&O Policy effective 2023-2024.

COMPLAINT FOR DECLARATORY JUDGMENT - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

   **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

   **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

   **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   **(2)** The "bodily injury" or "property damage" occurs during the policy period;

3.15.   The CGL Policy defines "Coverage territory" as:

   **a.** The United States of America (including its territories and possessions), Puerto Rico and Canada;

   **b.** International waters or airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in Paragraph a. above; or

   **c.** All other parts of the world if the injury or damage arises out of:

COMPLAINT FOR DECLARATORY JUDGMENT - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

**(1)** Goods or products made or sold by you in the territory described in Paragraph a. above;

**(2)** The activities of a person whose home is in the territory described in Paragraph a. above, but is away for a short time on your business; or

**(3)** "Personal and advertising injury" offenses that take place through the Internet or similar electronic means of communication;

provided the insured's responsibility to pay damages is determined in a "suit" on the merits, in the territory described in Paragraph a. above or in a settlement we agree to.

3.16.    The CGL Policy contains the following exclusionary language:

**2. Exclusions**

This insurance does not apply to:

\*\*\*

**g. Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

This exclusion does not apply to:

**(1)** A watercraft while ashore on premises you own or rent;

**(2)** A watercraft you do not own that is:

**(a)** Less than 26 feet long; and

COMPLAINT FOR DECLARATORY JUDGMENT - 6

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

**(b)** Not being used to carry persons or property for a charge;

**(3)** Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;

**(4)** Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft; or

3.17.    The CGL Policy also contains an endorsement that provides, in potentially relevant part, as follows:

<u>**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**</u>

**GENERAL LIABILITY DELUXE ENDORSEMENT: HUMAN SERVICES**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE**

It is understood and agreed that the following extensions only apply in the event that no other specific coverage for the indicated loss exposure is provided under this policy. If such specific coverage applies, the terms, conditions and limits of that coverage are the sole and exclusive coverage applicable under this policy, unless otherwise noted on this endorsement. The following is a summary of the Limits of Insurance and additional coverages provided by this endorsement. For complete details on specific coverages, consult the policy contract wording.

| Coverage Applicable | Limits of Insurance | Page # |
|---|---|---|
| … | … | … |
| Non-Owned Watercraft | Less than 58 feet | 2 |

…

**C. Non-Owned Watercraft**

**SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, Subsection **2. Exclusions**, Paragraph **g. (2)** is deleted in its entirety and replaced by the following:

COMPLAINT FOR DECLARATORY JUDGMENT - 7

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

(2) A watercraft you do not own that is:

(a) Less than 58 feet long; and

(b) Not being used to carry persons or property for a charge;

This provision applies to any person, who with your consent, either uses or is responsible for the use of a watercraft. This insurance is excess over any other valid and collectible insurance available to the insured whether primary, excess or contingent.

3.18.    The CGL Policy contains an endorsement that provides, in potentially relevant part, as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**WASHINGTON – LIMITED COVERAGE FOR BODILY INJURY, PROPERTY DAMAGE OR PERSONAL AND ADVERTISING INJURY INVOLVING EFFICIENT PROXIMATE CAUSE (DEFENSE WITHIN LIMITS)**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| **Efficient Proximate Cause Aggregate Limit:**    $ 100,000 |
| --- |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

**"Defense expense" is payable within, not in addition to, the Efficient Proximate Cause Aggregate Limit shown in the Schedule of this endorsement.**

**A.** The following is added to Paragraph **2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability**, Paragraph **2. Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability** and Paragraph **2. Exclusions of Section I – Coverage C – Medical Payments**:

**1.** If an exclusion under the terms of this Policy applies with respect to "bodily injury", "property damage" or "personal and advertising injury"; and

COMPLAINT FOR DECLARATORY JUDGMENT - 8

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

**2.** The efficient proximate cause, in accordance with the law of the State of Washington, of such "bodily injury", "property damage" or "personal and advertising injury" is not also excluded under the terms of this Policy; then:

    **a.** The exclusion referenced in Paragraph **A.1.** above does not apply to such "bodily injury", "property damage" or "personal and advertising injury"; and

    **b.** Coverage provided under this Policy for such "bodily injury", "property damage" or "personal and advertising injury" is subject to the Efficient Proximate Cause Aggregate Limit as described in Paragraph **B.** of this endorsement.

**B.** For purposes of the coverage provided under this endorsement, the following provisions are added to **Section III – Limits Of Insurance**:

**1.** Subject to Paragraph **2.** or **3.** of Section **III** – Limits Of Insurance, whichever applies, the Efficient Proximate Cause Aggregate Limit shown in the Schedule is the most we will pay for the sum of:

    **a.** Damages under Coverage **A**;

    **b.** Damages under Coverage **B**;

    **c.** Medical expenses under Coverage **C**; and

    **d.** "Defense expense";

because of all "bodily injury", "property damage" and "personal and advertising injury" described in Paragraph **A.** of this endorsement.

**2.** Paragraph **4.**, the Personal And Advertising Injury Limit, Paragraph **5.**, the Each Occurrence Limit, Paragraph **6.**, the Damage To Premises Rented To You Limit, and Paragraph **7.**, the Medical Expense Limit, of Section **III** – Limits Of Insurance continue to apply to "bodily injury", "property damage" and "personal and advertising injury", as applicable, described in Paragraph **A.** of this endorsement but only if, and to the extent that, a limit of insurance is available under the Efficient Proximate Cause Aggregate Limit.

**C.** For purposes of the coverage provided under this endorsement, Paragraphs **1.a., 1.d.** and **1.e.** under **Supplementary Payments – Coverage A And B** do not apply.

**D.** For purposes of the coverage provided under this endorsement, the following definition is added:

"Defense expense":

COMPLAINT FOR DECLARATORY JUDGMENT - 9

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

**1.** Means:

Payments allocated to a specific claim or "suit" we investigate, settle or defend, for its investigation, settlement or defense.

**2.** Includes payments for:

**a.** Fees and salaries of attorneys and paralegals we retain, including attorneys and paralegals who are our "employees".

**b.** Fees of attorneys the insured retains when by mutual agreement or court order the insured is given the right to retain defense counsel to defend a "suit".

**c.** All other litigation expenses.

**d.** Reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work.

**e.** Costs taxed against the insured in the "suit".

**3.** Does not include:

**a.** Any payments described in Paragraph **D.1.** above allocated to that portion of a specific claim or "suit" involving "bodily injury", "property damage" or "personal and advertising injury" not described in Paragraph A. of this endorsement;

**b.** Salaries and expenses of our "employees" or the insured's "employees" (other than those described in Paragraphs **D.2.a.** and **D.2.d.** above) and does not include fees and expenses of independent adjusters we hire; and

**c.** Any payments described in Paragraph **D.1.** above allocated to that portion of a specific claim or "suit" involving medical expenses for "bodily injury" under Section **I** – Coverage **C** – Medical Payments.

3.19.    The CGL Policy also contains an endorsement that provides as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**WASHINGTON CHANGES – DEFENSE COSTS**

This endorsement modifies insurance provided under the following:

COMPLAINT FOR DECLARATORY JUDGMENT - 10

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

…

COMMERCIAL GENERAL LIABILITY COVERAGE PART
COMMERCIAL LIABILITY UMBRELLA COVERAGE PART

…

**A.** The provisions of Paragraph **B.** are added to all Insuring Agreements that set forth a duty to defend under:

**1.** Section **I** of the Commercial General Liability, Commercial Liability Umbrella, Electronic Data Liability, Farm, Liquor Liability, Owners And Contractors Protective Liability, Pollution Liability, Products/Completed Operations Liability, Product Withdrawal, Medical Professional Liability, Railroad Protective Liability and Underground Storage Tank Coverage Parts, Auto Dealers Coverage Form and the Farm Umbrella Liability Policy;

…

Paragraph **B.** also applies to any other provision in the policy that sets forth a duty to defend.

**B.** If we initially defend an insured ("insured") or pay for an insured's ("insured's") defense but later determine that none of the claims ("claims"), for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.

The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs.

## 2. **The D&O Policy**

3.20.    The D&O Policy is a claims-made and reported policy, covering only claims made against the insured during the policy period and, in its Declarations, states that "**EXCEPT TO SUCH EXTENT AS MAY OTHERWISE BE PROVIDED HEREIN, THIS POLICY IS WRITTEN ON A CLAIMS MADE BASIS AND COVERS ONLY THOSE CLAIMS FIRST**

COMPLAINT FOR DECLARATORY JUDGMENT - 11

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

**MADE DURING THE POLICY PERIOD AND REPORTED IN WRITING TO THE INSURER PURSUANT TO THE TERMS HEREIN**."

3.21.    Furthermore, the D&O Policy provides, in potentially relevant part, and as amended by Endorsement PI NPD 82 (10/22), the Pro-Pak Elite Enhancement endorsement (hereinafter the "Pro-Pak Endorsement"), as follows:

**EXCEPT AS OTHERWISE PROVIDED HEREIN, THIS IS A CLAIMS-MADE POLICY.**

**CLAIMS-MADE POLICIES ONLY COVER THOSE CLAIMS MADE AGAINST THE INSURED DURING THE POLICY PERIOD.**

In consideration of the premium paid and in reliance upon all statements made and information furnished to the **Underwriter**, including all statements made in the **Application**, the **Underwriter** agrees to provide coverage as shown in the Declarations and described as follows:[3]

**Part 1[4]**

Not-for-Profit Organization Directors & Officers Liability Insurance

(To be read in conjunction with the Common Policy Definitions, Exclusions, and Conditions Sections, Parts 6, 7, 8 below)

I. INSURING AGREEMENTS

    A. The **Underwriter** will pay on behalf of the **Individual Insured**, **Loss** from **Claims** made against **Individual Insureds** during the **Policy Period** (or, if applicable, during the Extension Period), and reported to the **Underwriter** pursuant to the terms of this Policy, for **D&O Wrongful Acts**, except to the extent the **Organization** has indemnified the **Individual Insureds** for such **Loss**.

    B. The **Underwriter** will pay on behalf of the **Organization**, **Loss** from **Claims** made against **Individual Insureds** during the **Policy Period** (or, if applicable, during the Extension Period), and reported to the **Underwriter** pursuant to the terms of this Policy, for **D&O Wrongful**

---

[3] PI-NPD-1 (01/02), p. 1.
[4] PI-NPD-1 (01/02), as amended by the Pro-Pak endorsement.

COMPLAINT FOR DECLARATORY JUDGMENT - 12

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

**Acts,** if the **Organization** has indemnified such **Individual Insureds** for such **Loss**.

C. The **Underwriter** will pay on behalf of the **Organization**, **Loss** from **Claims** made against the **Organization** during the **Policy Period** (or, if applicable, during the Extension Period), and reported to the **Underwriter** pursuant to the terms of this Policy, for **a D&O Wrongful Act.**

II. DEFINITIONS

A. **D&O Wrongful Act** means any actual or alleged:

1. Act, error, omission, misstatement, misleading statement, neglect, breach of duty or **Personal & Advertising Injury** committed or attempted by an **Individual Insured** in his/her capacity as an **Individual Insured**; or by the **Organization**; or

2. Act, error, omission, misstatement, misleading statement, neglect, breach of duty or **Personal & Advertising Injury** committed or attempted by an **Individual Insured** while serving as a director, officer, governor or trustee of any **Outside Entity**, if such service is at the written request or direction of the **Organization**.

However, **D&O Wrongful Act** does not include an **Employment Practice Act, Fiduciary Liability Act**, or **Internet Liability Act**.

…

C. **Personal & Advertising Injury** means any actual or alleged:

1. False arrest, detention or imprisonment, or malicious prosecution; or

2. Oral or written publication of material that slanders or libels a person or entity or disparages a person's or entity's goods, products or services; or

3. Oral or written publication of material that violates a person's right of privacy; or

4. Wrongful eviction or entry or other invasion of the right of privacy; or

COMPLAINT FOR DECLARATORY JUDGMENT - 13

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

5. Misappropriation of advertising ideas, unauthorized use of title or slogan, or plagiarism; or

6. Infringement of copyright or trademark.

III. EXCLUSIONS

The **Underwriter** shall not be liable under this Part 1 to make any payment for **Loss** in connection with any **Claim** made against an **Insured**:

…

B. Arising out of, based upon or attributable to any actual or alleged:

1. Publication or utterance of material by or at the direction of such **Insured** with knowledge of its falsity; or

…

**Part 2[5]**

**Employment Practices Liability Insurance**

(To be read in conjunction with the Common Policy Definitions, Exclusions, and Conditions Sections, Parts 6, 7, 8 below)

I. INSURING AGREEMENTS

A. The **Underwriter** will pay on behalf of the **Insured**, **Loss** from **Claims** made against the **Insured** during the **Policy Period** (or, if applicable, during the Extension Period), and reported to the **Underwriter** pursuant to the terms of this Policy, for an **Employment Practices Act**.

This section only applies if a Limit of Liability is specified for Employment Practices Liability Insurance on the Declarations Page.

II. DEFINITIONS

---

[5] PI-NPD-1 (01/02), as amended by the Pro-Pak endorsement.

COMPLAINT FOR DECLARATORY JUDGMENT - 14

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

A. **Employment Practice Act** means any actual or alleged:

1. Wrongful dismissal, discharge or termination of employment;

2. Breach of a written or oral employment contract or implied employment contract;

3. Employment related misrepresentation;

4. Wrongful failure to promote;

5. Violation of employment discrimination laws (including harassment);

6. Wrongful deprivation of a career opportunity;

7. Employment related wrongful discipline;

8. Negligent employee evaluation, training or supervision;

9. Employment related invasion of privacy or violation of employee privacy;

10. Employment related defamation (including libel and slander);

11. Sexual or workplace harassment of any kind;

12. Hostile work environment;

13. Constructive discharge of employment;

14. Employment related retaliation

15. Employment related humiliation;

16. Wrongful demotion;

17. Negligent reassignment;

18. Negligent hiring or retention;

19. Failure to grant tenure;

COMPLAINT FOR DECLARATORY JUDGMENT - 15

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

20. Failure to provide or enforce consistent employment policies and procedures;

21. Failure to employ;

22. Workplace bullying;

23. Violation of any federal, state or local civil rights laws; and

24. Acts described in 1. through 23. above, arising from the use of the **Organization's** internet, email, blog, telecommunication or similar systems, including communications on a **Social Media Network**, and committed or attempted by an **Individual** Insured in his/her capacity as an **Individual** Insured or by the **Organization.**

Solely with respect to any **Claim** brought by or on behalf of any **Third Party**, **Employment Practice Act** means any actual or alleged wrongful failure to employ, discrimination, harassment or violation of such **Third Party's** civil rights in relation to such wrongful failure to employ, discrimination or harassment, whether direct, indirect, or unintentional, committed by an **Individual** Insured in his/her capacity as an **Individual** Insured or by the **Organization**.

…

## Part 6 [6]

### Common Policy Definitions

…

B. **Claim** means for the purpose of Parts 1, 2, 3, and 5:

1. Any written demand for monetary or non-monetary relief (including injunctive); or

2. Any civil proceeding, including any appeals therefrom, commenced by the filing, notice or service of complaint, pleading, summons or similar document; or

---

[6] PI-NPD-1 (01/02), as amended by the Pro-Pak endorsement.

COMPLAINT FOR DECLARATORY JUDGMENT - 16

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

3. Any criminal proceeding, including any appeals therefrom, commenced by the return of an indictment or the filing of notice of charges or similar document; or

4. Any formal administrative, judicial, regulatory or tribunal proceeding, including any proceeding before the Equal Employment Opportunity Commission or any similar governmental agency, commenced by the filing of notice of charges, formal investigative order, service of summons, subpoena or similar document; or

5. Any arbitration, mediation or similar alternative dispute resolution proceeding commenced by receipt of a demand for such proceeding,

6. Solely with respect to Part 3 (Fiduciary Liability Insurance) a written notice of commencement of an investigation by the Department of Labor or the Pension Benefit Guaranty Corporation;

Against an **Insured** for a **Wrongful Act**, including any appeal therefrom; or

7. Any written request to toll or waive any statute of limitations applicable to any actual or potential suit or cause of action against an **Insured**.

8. An official request for **Extradition**;

9. Solely when used in reference to the coverage provided by Part 1 Not-for-Profit Directors & Officers Liability Insurance, Section I, any service of a subpoena or similar written request upon an **Individual Insured** compelling witness testimony or document production in connection with the matters described in Paragraphs B.1. through B.8. above or with any equivalent action against an **Organization** or **Outside Entity**, in which case, the Underwriter will pay the **Defense Costs** incurred solely by such **Individual Insured** in responding to such subpoena or written request.

However, **Claim** shall not include a labor or grievance proceeding pursuant to a collective bargaining agreement.

A **Claim** shall be considered made when an Insured first receives notice of the **Claim**.

…

C. **Damages** means a monetary judgment, award or settlement, including punitive and exemplary damages or multiple portion thereof, (including pre and post judgment interest thereon) to the extent such punitive and exemplary damages or multiple portion thereof, are insurable under appliable law of any jurisdiction which has a substantial relationship to

COMPLAINT FOR DECLARATORY JUDGMENT - 17

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

the **Insured** or to the **Claim** seeking such damage, and which is most favorable to the insurability of such damage.

…

F. **Individual Insured** means:

1. Any individual who has been, now is or will become a director, officer, governor, trustee, equivalent executive, employee (whether salaried or not), volunteer, intern, management committee member, risk manager, in-house counselor member of the Board of Managers of the **Organization**, or, solely with respect to Part 3 (Fiduciary Liability Insurance), a director, officer, governor, trustee or employee (whether salaried or not) of any Benefit Plan. Solely in regard to Parts 1 and 3, **Individual Insured** includes member of an Advisory Board; any past employee, director, officer, governor, trustee, volunteer, management committee member, risk manager, in-house counsel, member of the Board of Managers of the **Organization** retained as a fiduciary or plan consultant to the **Benefit Plan**; provided that for the purpose of determining the **Organization's** indemnification obligation to any such consultants, each consultant shall be deemed a director or officer of the **Organization**. Accordingly, the **Organization** shall be deemed to have granted indemnification to each consultant to the fullest extent permitted by statutory or common law to the same extent as any director or officer of the **Organization**;

2. The lawful spouse of a director, officer, governor, trustee, or equivalent executive of the **Organization**, but only for actual or alleged **Wrongful Acts** of such executive for which such spouse may be liable as the spouse of such executive;

3. The estate, heirs, legal representatives or assigns of a deceased director or officer, or the legal representatives or assigns of such a person who is incompetent, but only for **Wrongful Acts** of the person described in Item E. 1. above which, in the absence of such death or incompetence, would have been covered by this Policy;

4. With respect to an **Organization** chartered outside the United States of America, Item F. **Individual Insured** will also mean any individual who has been, now is or shall become a person serving in a position with such **Organization** that is equivalent to any position described in Item E. 1. above.

**Individual Insured** will also mean the lawful spouse or **Domestic Partner** of a director, officer, governor, trustee, or equivalent executive of the **Organization**, but only for actual or alleged **Wrongful Acts** of such person for which such spouse or **Domestic Partner** may be liable as the spouse or **Domestic Partner** of such person. **Domestic Partner** means any person who qualifies as a domestic partner under the provisions

COMPLAINT FOR DECLARATORY JUDGMENT - 18

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

of any federal, state or local statute or regulation, or under the terms and provisions of any employee benefit or other program established by the **Organization**; provided that no coverage is afforded by this section shall apply with respect to any **Loss** arising from an act, error or omission by an **Insured Individual's** spouse, domestic partner, estate, heirs, legal representatives or assigns.

With respect to **Claims** brought under Part 2 Employment Practices Liability Insurance, Item F. **Individual Insured** will also mean any independent contractor working on behalf of the **Organization**. Such individual shall be deemed an **Individual Insured** only if and to the extent that the **Organization** provides indemnification to such individual for services rendered as if they were rendered by an actual **Individual Insured** of the **Organization**, and provided further that such individual(s) have been identified by the **Organization** to the **Underwriter**. This **Policy** does not cover any **Loss** which any **Insured** is obligated to pay an independent contractor for overtime pay, vacation pay, employee benefit, or any compensation for services rendered.

G. **Insured** means the **Organization** and **Individual Insured**.

H. **Interrelated Wrongful Act** means any causally connected **Wrongful Act** or any series of the same, similar or related **Wrongful Acts**.

I. **Loss** means:

    1. **Damages**;

    2. **Defense** Costs;

But **Loss** does not include:

    a. Fines or penalties imposed by law except fines and penalties assessed against an **Insured** pursuant to 15 U.S.C. 78dd-2(g)(2)(B) (the Foreign Corrupt Practices Act); provided that such violation is neither intentional or willful and such fines and penalties are assessed; and solely with respect to Part 3 (Fiduciary Liability Insurance), **Loss** includes:

        1. fines or penalties imposed under Section 502(1) and (I) of ERISA;

        2. civil money penalties imposed upon an **Insured** for such **Insured's** violation of the privacy provisions of the Health Insurance Portability and Accountability Act of 1966 ("HIPAA"), as amended;

        3. civil fines and penalties imposed upon an **Insured** for violations of the Pension Protection Act of 2006 ("PPA");

COMPLAINT FOR DECLARATORY JUDGMENT - 19

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

4. civil fines and penalties imposed upon an **Insured** as a fiduciary under Section 502(c) of ERISA, as amended (including, any amendments pursuant to Section 507 of Title V of the Pension Protection Act of 2006);

5. civil fines and penalties imposed upon an **Insured** for violation of the Patient Protection and Affordable Care Act ("PPACA") and the Health and Education Reconciliation Act of 2010, as amended, and any rules promulgated thereunder;

6. with respect to covered judgments, the fifteen percent (15%) or less tax penalty imposed upon an **Insured** under Section 4975 of the Internal Revenue Code of 1986;

7. Provided that with regards [sic] to the above items 1. Through 6., the **Underwriter's** maximum aggregate limit of liability for all such fines and penalties on account of all **Claims** first made during the **Policy Period** shall be $250,000, which amount is part of, and not in addition to, the Maximum Aggregate Limit of Liability set forth in Item 3(C) of the Declarations; solely with respect to the fines and penalties described in items 1. through 6., no Retention shall apply.

b. taxes; or

c. matters deemed uninsurable under the law to which this Policy will be construed; or

d. any amounts other than **Defense Costs**, which an **Insured** is obligated to pay as a result of a **Claim** seeking relief or redress in any form other than monetary damages; or

e. any costs other than **Defense Costs** associated with any accommodation required pursuant to the Americans with Disabilities Act (removed Civil Rights Act of 1964) and the rules or regulations promulgated thereunder, amendments thereto, or similar provisions of any federal, state or local law or common law.

…

L. **Policy Period** means the period of time specified in Item 2. of the Declarations.

Item L. **Policy Period** is amended to include that if the calendar date upon which this Policy is scheduled to expire is a "Weekend" or "National Holiday" then this Policy's expiration date is automatically extended to the next day immediately following the "Weekend" or "National Holiday".

COMPLAINT FOR DECLARATORY JUDGMENT - 20

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

For the purpose of clause N. above, the following applies:

1. "Weekend" shall mean the calendar days of Saturday and Sunday.

2. "National Holiday" shall means the calendar days designated as such by the United States Federal Government per U.S. Federal law (5 U.S.C. 6103).

…

N. **Underwriter** means the stock insurance company check marked on the Declarations of this Policy.

O. **Wrongful Act** means:

1. With respect to Part 1, any **D&O Wrongful Act**,

2. With respect to Part 2, any **Employment Practices Act**,

…

## Part 7[7]

### Common Policy Exclusions

The **Underwriter** shall not be liable to make any payment for **Loss** in connection with any **Claim** made against the **Insured**:

…

I. For any actual or alleged bodily injury, mental anguish, emotional distress, sickness, disease or death of any person, or damage to or destruction of any tangible property including loss of use thereof; however, this exclusion shall not apply to Part 4 (Workplace Violence Insurance) or to mental anguish or emotional distress under Part 2 (Employment Practices Liability Insurance);

## Part 8[8]

### Common Policy Conditions

…

IV. NOTICE/CLAIM REPORTING PROVISIONS

---

[7] PI-NPD-1 (01/02), as amended by the Pro-Pak endorsement.
[8] PI-NPD-1 (01/02), as amended by the Pro-Pak endorsement.

COMPLAINT FOR DECLARATORY JUDGMENT - 21

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

Notice hereunder shall be given in writing to the **Underwriter** at the following address:

> Philadelphia Insurance Companies
> One Bala Plaza, Suite 100
> Bala Cynwyd, Pennsylvania 19004
> Attention: Claims Department

The date of mailing shall constitute the date that such notice was given and proof of mailing shall be sufficient proof of notice. Any notice to the **Underwriter** shall specify the Part(s) of this Policy under which the notice is being given and shall be treated as notice only under such specified Part(s).

A. In the event that a **Claim** is made against the **Insured** or a **Workplace Violence Act** occurs, the **Insured** shall, as a condition precedent to the obligations of the **Underwriter** under this **Policy**, give written notice of such **Claim** or **Workplace Violence Act** to the **Underwriter** as soon as practicable after the Chief Executive Officer, Executive Director, Chief Financial Officer, Chief Operating Officer, General Counsel, Risk Manager, Human Resources Manager or any person in an equivalent position first becomes aware of such **Claim**, but, not later than 90 days after the expiration date of this Policy, Extension Period, or Run-Off Policy, if applicable.

B. If during this **Policy Period** the Chief Executive Officer, Executive Director, Chief Financial Officer, Chief Operating Officer, General Counsel, Risk Manager, Human Resources Manager or any person in an equivalent position first becomes aware of any circumstances which may subsequently give rise to a **Claim** being made against any **Insured** for a specific alleged **Wrongful Act**, and as soon as practicable thereafter, but before the expiration or cancellation of this **Policy**, gives written notice to the **Underwriter** of the circumstances and the reasons for anticipating such a **Claim**, with full particulars as to the **Wrongful Act**, dates and persons involved, then any **Claim** which is subsequently made against the Insured arising out of such **Wrongful Act** will be considered made during this **Policy Period**.

C. All **Loss** arising out of the same **Wrongful Act** and all **Interrelated Wrongful Act**s, or the same or related **Workplace Violence Acts**, shall be deemed one **Loss** on account of one **Claim** or one **Workplace Violence Act**. Such **Claim** or **Workplace Violence Act** shall be deemed to be first made or to have first occurred when the earliest of such **Claims** or **Workplace Violence Acts** were first made or first occurred.

COMPLAINT FOR DECLARATORY JUDGMENT - 22

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

3.22.    The D&O Policy contains an endorsement, the Professional Services Exclusion endorsement (PI-NPD-25 (1.02)), which provides as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**PROFESSIONAL SERVICES EXCLUSION (SUPERVISION CARVE-OUT)**

This endorsement modifies and is subject to the insurance provided under the following:

FLEXIPLUS FIVE

The Policy is amended as follows:

With respect to coverage under Part 1, the **Underwriter** shall not be liable to make any payment for **Loss** in connection with any **Claim** made against the **Insured** based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving the **Insured's** performance of or failure to perform professional services for others.

Provided, however, that the foregoing shall not be applicable to any derivative action **Claim** alleging failure to supervise those who performed or failed to perform such professional services.

## 3.    The Umbrella Policy

3.23.    The Umbrella Policy provides, in relevant part, as follows:

**COMMERCIAL UMBRELLA LIABILITY INSURANCE POLICY**

This policy has been issued in reliance upon the statement in the Declarations made a part hereof and in the application submitted for this insurance. Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations and any other person qualifying as a Named Insured under this policy. The words "we," "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under **SECTION II – WHO IS AN INSURED**.

Other words and phrases in this policy that appear in quotation marks have special meaning. Refer to **SECTION V – DEFINITIONS**.

COMPLAINT FOR DECLARATORY JUDGMENT - 23

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

We will pay on behalf of the insured the "ultimate net loss" in excess of the "applicable underlying limit," whether or not collectible, which the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies.

**Bodily Injury and Property Damage**

**a.** This insurance applies to "bodily injury" or "property damage" only if:

(1) The "bodily injury" or "property damage" arising out of an "occurrence" takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period[.]

\*\*\*

3.24.   The Umbrella Policy contains an endorsement that provides as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**GENERAL LIABILITY FOLLOW FORM ENDORSEMENT**

This endorsement modifies insurance provided under the following:

**COMMERCIAL UMBRELLA LIABILITY INSURANCE POLICY**

This policy is intended to include Commercial General Liability Coverage.

The Commercial General Liability insurance provided will follow the same provisions, exclusions and limitations that are contained in the applicable "underlying insurance" shown in the Schedule of Underlying Insurance unless otherwise directed by this policy, or an endorsement to this policy.

To the extent that such provisions differ or conflict, the provisions of this policy will apply. However, the coverage provided under this policy will not be broader than that provided by the applicable "underlying insurance."

COMPLAINT FOR DECLARATORY JUDGMENT - 24

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

Any per location or per project aggregate limit of insurance that is extended in the applicable "underlying insurance" shown in the Schedule of Underlying Insurance will not apply to the coverage provided by this endorsement.

3.25.    The Umbrella Policy defines "coverage territory" as follows:

**7.** "Coverage territory" means:

**a.** The United States of America (including its territories and possessions), Puerto Rico and Canada;

**b**. International waters or airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in **a.** above; or

**c.** All other parts of the world if the injury or damage arises out of:

**(1)** Goods or products made or sold by you in the territory described in **a.** above;

**(2)** The activities of a person whose home is in the territory described in **a.** above, but is away for a short time on your business; or

**(3)** "Personal and advertising injury" offenses that take place through the internet or similar electronic means of communication

provided the insured's responsibility to pay damages is determined in a "suit" on the merits, in the territory described in a. above or in a settlement we agree to.

3.26.    The Umbrella Policy contains the following exclusion:

**3.    Exclusions**

This insurance does not apply to:

***

**g. Aircraft or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft or watercraft owned, or operated by; or rented or loaned to any insured. Use includes operation and "loading or unloading."

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured.

COMPLAINT FOR DECLARATORY JUDGMENT - 25

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

This exclusion does not apply to:

**(1)** Watercraft while ashore on premises you own or rent;

**(2)** Watercraft you do not own that is:

**(a)** Less than 50 feet long; and

**(b)** Not being used to carry persons or property for a charge.

\*\*\*

## IV.    FIRST CAUSE OF ACTION:

## DECLARATORY JUDGMENT – "COVERAGE TERRITORY"

4.1.    Philadelphia repeats and incorporates by reference the allegations of Paragraphs 1.1 through 3.26 above.

4.2.    An actual controversy exists between the parties as to Philadelphia's duty to defend and indemnify the Foundation in the Underlying Action.

4.3.    The CGL Policy and Umbrella Policy only provide coverage for injury that occurs in the "coverage territory."

4.4.    "Coverage territory" is defined in the CGL Policy and Umbrella Policy as including only the United States and its territories, Canada, and Puerto Rico.  While "coverage territory" may include international waters, this would only be included if the injury occurs in the course of travel between the places listed above while in international waters.

4.5.    The Underlying Action alleges that the incident occurred in international waters when the Titan was headed towards the submerged wreck of the Titanic off the coast of Newfoundland.

4.6.    There are no allegations that the Claimant was traveling between one of the covered areas at the time of the incident.

COMPLAINT FOR DECLARATORY JUDGMENT - 26

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

4.7.    Accordingly, Philadelphia owes no obligation to provide defense or indemnity coverage to the Foundation with regard to the Underlying Action under the CGL Policy and Umbrella Policy because any alleged injury did not occurred within the "coverage territory."

## V.    SECOND CAUSE OF ACTION:

## DECLARATORY JUDGMENT— WATERCRAFT EXCLUSION

5.1.    Philadelphia repeats and incorporates by reference the allegations of Paragraphs 1.1 through 4.7 above.

5.2.    Both the CGL Policy and the Umbrella Policy exclude coverage for injury arising from the ownership, maintenance, or use of a watercraft.

5.3.    The injury alleged in the Underlying Action occurred while the Claimant was onboard the Titan submersible, which is alleged to be "an undocumented, unregistered, non-certificated, and unclassed, 22-foot manned commercial watercraft."

5.4.    The exceptions to the watercraft exclusion in both the CGL Policy and Umbrella Policy do not apply.

5.5.    It is alleged in the Underlying Action that the Foundation owned and/or operated the Titan.

5.6.    It is alleged in the Underlying Action that Titan passengers paid $250,000 each to attend the exploration of the Titanic on board the Titan when the incident occurred.

5.7.    Accordingly, Philadelphia owes no obligation to provide defense or indemnity coverage to the Foundation with regard to the Underlying Action under the CGL Policy and Umbrella Policy because any alleged injury is excluded by the watercraft exclusion.

## VI. THIRD CAUSE OF ACTION:

## DECLARATORY JUDGMENT – EFFICIENT PROXIMATE CAUSE SUBLIMIT

COMPLAINT FOR DECLARATORY JUDGMENT - 27

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

6.1     Philadelphia repeats and incorporates by reference the allegations of Paragraphs 1.1 through 5.7 above.

6.2     The CGL Policy contains an efficient proximate cause endorsement that provides a $100,000 sublimit, inclusive of defense costs, for claims that would be excluded from coverage, but for the efficient proximate cause rule in Washington State.

6.3     As such, Philadelphia seeks a judicial determination that its coverage obligations, if any are owed to the Foundation with respect to the claims alleged in the Underlying Action, are limited to the efficient proximate cause $100,000 sublimit of insurance under this endorsement.

## VII.    FOURTH CAUSE OF ACTION:

## DECLARATORY JUDGMENT – CLAIMS MADE UNDER D&O POLICY

7.1     Philadelphia repeats and incorporates by reference the allegations of Paragraphs 1.1 through 6.3 above.

7.2     The D&O Policy only provides coverage for claims that are first made to the insured and reported in writing to Philadelphia during the Policy period pursuant to the terms and conditions contained in the D&O Policy.

7.3     The D&O Policy expired on October 7, 2024.

7.4     The Underlying Action was not made against the Foundation, nor reported to Philadelphia, until after October 7, 2024, nor within 90 days after the expiration date, pursuant to the terms and conditions of the D&O Policy.

7.5     Accordingly, Philadelphia owes no obligation to provide defense or indemnity coverage to the Foundation with regard to the Underlying Action under the D&O Policy.

## VIII.    FIFTH CAUSE OF ACTION:

## DECLARATORY JUDGMENT – INSURING AGREEMENTS OF PARTS 1 AND 2 OF D&O POLICY

COMPLAINT FOR DECLARATORY JUDGMENT - 28

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

8.1    Philadelphia repeats and incorporates by reference the allegations of Paragraphs 1.1 through 7.5 above.

8.2    The D&O Policy provides only that coverage according to its terms under Parts 1 and 2.

8.3    The Underlying Action does not allege loss from claims that fall within the insuring agreements of either Part 1 or Part 2 of the D&O Policy.

8.4    Accordingly, Philadelphia owes no obligation to provide defense or indemnity coverage to the Foundation with regard to the Underlying Action under the D&O Policy because any alleged claim does not fall within either of the potentially applicable insuring agreements of the D&O Policy.

## IX.    SIXTH CAUSE OF ACTION:

## DECLARATORY JUDGMENT – BODILY INJURY EXCLUSION UNDER D&O POLICY

9.1    Philadelphia repeats and incorporates by reference the allegations of Paragraphs 1.1 through 8.4 above.

9.2    The D&O Policy excludes coverage for any actual or alleged bodily injury or death of any person.

9.3    The injury alleged in the Underlying Action involves the bodily injury and death of the Claimant.

9.4    Accordingly, Philadelphia owes no obligation to provide defense or indemnity coverage to the Foundation with regard to the Underlying Action under the D&O Policy because any alleged injury is excluded by the bodily injury exclusion.

COMPLAINT FOR DECLARATORY JUDGMENT - 29

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

## X.    SEVENTH CAUSE OF ACTION:

## DECLARATORY JUDGMENT/MONETARY AWARD – REIMBURSEMENT

## FOR DEFENSE COSTS

10.1    Philadelphia repeats and incorporates by reference the allegations of Paragraphs 1.1 through 9.4 above.

10.2    The CGL Policy and Umbrella Policy provide that Philadelphia is entitled to reimbursement of defense costs incurred after the reservation of rights letter is sent if the claims then are later determined to be not covered under the Policies.

10.3    Philadelphia issued a reservation of rights letter to the Foundation on March 23, 2026.

10.4    This letter specifically included citation to the reimbursement of defense costs provision of the Policies.

10.5    Accordingly, Philadelphia is entitled to declaratory judgment and a monetary award for reimbursement of defense fees incurred on behalf of the Foundation in the Underlying Action after March 23, 2026, should the Court find that Philadelphia owes no defense and indemnity obligations to the Foundation with respect to the Underlying Action.

## XI.    PRAYER FOR RELIEF

WHEREFORE, Philadelphia prays for relief against Defendants as follows:

1.    For entry of declaratory judgment that Philadelphia owes no obligation to provide defense or indemnity coverage to the Foundation with respect to the Underlying Action;

2.    For entry of monetary judgment against the Foundation as to reimbursement of defense fees and costs paid by Philadelphia towards the defense of the Foundation in the Underlying Action after March 23, 2026;

COMPLAINT FOR DECLARATORY JUDGMENT - 30

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

3.    For entry of declaratory judgment that Philadelphia's obligation to provide defense or indemnity coverage to the Foundation with respect to the Underlying Action is limited to the $100,000 sublimit under the efficient proximate cause endorsement;

4.    An award of reasonable attorneys' fees and costs as allowed by the law; and

5.    For any other and further relief as the Court may deem just and equitable, including any attorney fees and costs allowed by law.

Dated this 24th day of July, 2026.

s/Eliot M. Harris
Eliot M. Harris, WSBA # 36590
Alexander A. Jurisch, WSBA #53552
WILLIAMS, KASTNER & GIBBS
PLLC601 Union Street, Suite 4000
Seattle, WA 98101-2341
Telephone:  206-628-6600
Fax:  206-628-6611
Email: eharris@williamskastner.com
           ajurisch@williamskastner.com
*Attorneys for Philadelphia Indemnity Insurance Company*

COMPLAINT FOR DECLARATORY JUDGMENT - 31

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing all CM/ECF participants.

DATED this 24th day of July, 2026.

s/Eliot M. Harris
Eliot M. Harris, WSBA # 36590
*Attorneys for Philadelphia Indemnity Insurance Company*

COMPLAINT FOR DECLARATORY JUDGMENT - 32

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4916-0502-4959.1